Kellogg, A. L., J.
It appears that on February 2, 1912, the Republican committee of the county of Broome, acting under the authority of sections 37 and 38, chapter 891 of the Laws of 1911, adopted rules and *273 regulations for the government of the party, and the conduct of official primaries in the county.
Sections 1, 2 and 6 of the rules and regulations provide as follows:
“ Section 1. Membership. The Republican County Committee shall consist of one member from each election district in the County, to be elected by the enrolled Republican voters in the town or ward in which said election district is located.
“ Section 2. Qualifications of Members. Each member of the Republican County Committee shall be a resident of the election district from which he is elected, a qualified elector therein, and a member of the Republican party. He shall hold office until his successor has been elected.
“ Section 6. Votes of Members of County Committee. Except as otherwise herein provided, each member of the Republican County Committee shall be entitled to one vote and to one additional vote for each one hundred votes or major fraction thereof cast within the election district from which he is elected for the candidate of the Republican party for member of Assembly at the preceding general election.”
Those rules and regulations, verified by the secretary of the county committee, were filed in the office of the custodian of primary records, February 5, 1912, and have remained unamended until recently.
It appears that at a meeting of the county committee, held January 31, 1920, the following amendment to the rules and regulations was adopted as follows:
“ Section 1. Membership. The Republican County Committee shall consist of two members from each election district in the county, who shall be enrolled voters of the Party residing in the election district in which they are to be elected, one of whom shall be a man and one a woman. The member elected who shall *274 receive the greatest number of votes in the Primary Election shall be Chairman and Treasurer, and the other member elected shall be Vice-Chairman and Secretary of the Election District Committee. The man and woman member from an election district shall each have equal voting power in the County Committee. ’ ’
The question for the decision of the court is as to the validity of the amendment adopted January thirty-first.
Section 45, clause 2, of the Election Law provides:
“ Nothing contained in this chapter shall prevent a party from holding party conventions, to be constituted in such manner, and to have such powers in relation to formulating party platforms and policies and the transaction of business relating to party affairs, as the rules and regulations of the party may provide, not inconsistent with the provisions of this chapter.”
The law governing the election of county committeemen, and their number, is found in section 37 of the Election Law, which provides hvo methods for the formation of the committee: (1) That there shall be elected from each election district, one committeeman, whose voting power in the county committee shall be in proportion to the number of the party votes in such district, or, secondly, there may be elected in each election district, any number of county committeemen, pursuant to the rules and regulations of the county committee, based upon the proportionate vote of the party in each district. It is, therefore, within the power of the county committee to adopt a rule under this section, that there shall be one committeeman for each 100 voters for the party in that district. A district having 500 party voters would have five county committeemen. A district having 100 voters would have one committeeman.
*275 I am of the opinion, therefore, that any rule or regulation adopted by the county committee contrary to the provisions of section 37 of the Election Law is invalid, and a rule of that committee which makes it mandatory for the district to elect an equal number of men and women as members of that committee is in violation of section 37.
It would clearly restrict the free choice of the voter in expressing his or her preference at the primary for members of the county committee in his or her district, and has no warrant in law. Under the provisions of section 1, of article 2 of the Constitution, no superior political rights are conferred upon either sex either jointly or individually.
It is likewise manifest that the board of elections cannot lawfully prepare a primary ballot which would carry out the provisions of the amended rule.
It is the duty of the county clerk and custodian of primary records of Broome county to prepare and print the official ballots for the Republican primary on April 6,1920, in such a manner that the names of all persons, male and female, who are candidates for the party position of member of the Republican county committee of Broome county, shall be printed and shall appear on such official primary ballot in one space or block under the one caption “ Candidates for Party Position,” and under the one title “ Member of County Committee ” and under the words “ Vote for One ” printed in brevier lower case type, so that under the names of such candidates there shall appear the blank spaces required by law, pursuant to the provisions of the Election Law and the rules and regulations of the Republican party, in and for Broome county, adopted February 2, 1912.
Ordered accordingly.